United States District Court
Southern District of Texas
**ENTERED**
September 25, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH SUMMERLIN, TDCJ #01757231, | § § § | |
| Plaintiff, v. | § § § | CIVIL ACTION NO. H-18-2748 |
| CANDI PATTON, | § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Joseph Summerlin (TDCJ #01757231), proceeding *pro se* and *in forma pauperis*, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Plaintiff filed this complaint against Candi Patton, a nurse who initially saw him after he hurt his shoulder in a cell door at the Ellis Unit in Huntsville, Texas.

The Court originally construed Summerlin's case as alleging deliberate indifference, but Summerlin has submitted a supplemental pleading, entitled "Re: Plaintiff's Request for Corrections in Court's Interpretation of Complaint," clarifying that he is alleging an act of "medical negligence" and is not claiming deliberate indifference. *See* Docket Entry No. 15 at 1-2.

### I. Standard of Review

Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act (PLRA), which requires a district court to

scrutinize claims in a civil action brought *in forma pauperis* by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these reasons "at any time" "on its own motion or on the motion of a party" where the plaintiff proceeds *in forma pauperis*. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *See* Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Under this standard, a court liberally construes a document filed *pro se*. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)). "Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 127 S. Ct. at 1974). "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

An action is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

## II. Discussion

A claim of medical negligence is not a constitutional claim cognizable under 42 U.S.C. § 1983. *See, e.g.*, Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim under section 1983); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation). Therefore, to the extent that Summerlin is asserting federal civil rights claims

regarding medical negligence, he does not state a claim for which relief may be granted.

To the extent that Summerlin asserts a state law medical negligence claim against Candi Patton, he has not alleged or otherwise established that complete diversity of citizenship exists between the parties that would confer upon this federal court jurisdiction over that claim. *See* 28 U.S.C. § 1332. Accordingly, Summerlin's state law claims, if any, will be dismissed without prejudice for lack of jurisdiction.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff Joseph Summerlin's Motion to Correct Complaint (Docket Entry No. 15) is **GRANTED,** and his clarification will be considered a supplement to his Complaint; it is further

**ORDERED** that Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief may be granted; it is further

**ORDERED** that Plaintiff's state law medical negligence claim is **DISMISSED** without prejudice for lack of jurisdiction; and it is

**ORDERED** that all other pending motions, if any are **DENIED as MOOT.**

4

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 24th day of September, 2018.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE